IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lloyd C. Kidd, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:25-cv-03979-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Graham, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Lloyd C. Kidd ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. On July 10, 2025, Respondent Warden Graham filed a motion to dismiss the Petition or, in the alternative, for summary judgment. (ECF No. 10). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond. (ECF No. 11). Petitioner filed a response in opposition to Respondent's motion. (ECF No. 13). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion to dismiss or, in the alternative, for summary judgment be granted. (ECF No. 15). Petitioner timely filed objections, (ECF No. 17), and this matter is now ripe for review.

A. **STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th

1

454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61.

This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## B. CASE SUMMARY

Petitioner a federal inmate, filed the instant Petition in relation to disciplinary proceedings that occurred during his incarceration. (ECF No. 1). The magistrate judge issued a detailed Report that thoroughly set forth the facts and the relevant procedural history and standards of law. (ECF No. 15 at 2–9). Therefore, no further recitation is necessary here. Briefly, Petitioner was served with an incident report related to statements he made to a correctional officer ("Officer"), and he was charged with Bribing an Official, Staff Member. (ECF Nos. 1-2 at 12, 15; 10-1 at 3). A Unit Discipline Committee ("UDC") reviewed the incident report, held an initial hearing, and upon the completion of an investigation, forwarded the incident report to the Discipline Hearing Officer ("DHO"). (ECF No. 10-1 at 4–5). The DHO conducted a hearing, and Petitioner waived his right to a staff representative and indicated he understood his rights and had no documentary evidence to present. (ECF Nos. 1-2 at 15; 10-1 at 18). Petitioner's requested witnesses provided written statements to the DHO, and the DHO considered Petitioner's disciplinary record. *Id*. Petitioner subsequently wrote a Request to Staff, stating his version of the incident and indicating the DHO hearing was not fair. (ECF No. 1-2 at 10). In a separate Request to Staff, Petitioner indicated he went forward with the disciplinary proceeding without a witness statement because he did not wish

to return to the secure housing unit ("SHU"). *Id*. at 11. He also made various allegations about the Officer's behavior, including allegations that the Officer flirted with inmates and told others about Petitioner's sex offense convictions. *Id*. The Associate Warden informed Petitioner that his claim of staff misconduct would be reviewed, but he would not be advised on the outcome. *Id*. at 9.

A thorough DHO Report was issued that indicated the charge of Bribing Official, Staff Member was changed to a charge for Insolence Towards a Staff Member to meet the offense conduct. (ECF Nos. 1-2 at 17; 10-1 at 20). The DHO Report explained what occurred at the DHO hearing, concluded that Petitioner committed the prohibited act of Insolence Towards a Staff Member, and explained the basis for that decision. (ECF Nos. 1-2 at 15–20; 10-1 at 18–23). The DHO Report noted that "[a]lthough [Petitioner] denied the charge against [him] and stated the officer flirts with inmates and jokingly asked [him] if she looked like a maid, [Petitioner] also admitted to telling the officer she looked like a maid and said maids get paid top dollar." (ECF Nos. 1-2 at 18; 10-1 at 21). The DHO Report informed Petitioner that if he "believe[s] the officer displays a flirtatious relationship with inmates, this can be addressed through the administrative remedy process." *Id*. The DHO Report concluded "[b]ased on the fact [Petitioner] asked the officer to take [his] laundry bag, stated that she looked like she could be a maid and offered to pay her to be [his] maid, . . . there is enough to support the charges against [Petitioner]." *Id*. The DHO imposed sanctions of disallowance of fourteen days of good conduct time, seven days of disciplinary segregation, thirteen days forfeited non-vested good conduct time, three months loss of commissary privileges, and a $22 fine, and the DHO thoroughly detailed the reasons for these sanctions. (ECF Nos. 1-2 at 19; 10-1 at 22).

4

Petitioner was informed he could appeal the DHO's decision, (ECF Nos. 1-2 at 20; 10-1 at 23), and he sent a hand-written complaint regarding his disciplinary action to the Regional Office, (ECF No. 1-2 at 3–4). That request for administrative remedy was rejected because (1) the form Petitioner submitted was not legible, and (2) the form was too long, but Petitioner was informed he could resubmit his appeal in proper form within ten days. *Id*. at 8. Instead of resubmitting the proper form to the Regional Office, Petitioner sent a typewritten request to staff to the Bureau of Prison's ("BOP") Central Office. *Id*. at 6–7. The BOP's Central Office rejected the appeal because (1) the Central Office agreed with the rationale of the Regional Office, (2) Petitioner did not utilize the proper form, and (3) Petitioner submitted the appeal to the incorrect level. *Id*. at 5. Petitioner was informed that he "must properly exhaust at regional level prior to filing" with the Central Office. *Id*. The Regional Office rejected Petitioner's subsequent appeal because (1) the form was not legible, (2) the complaint was too long, and (3) Petitioner did not make the corrections noted on the previous appeal form. *Id*. at 1. Again, Petitioner was informed he could resubmit his appeal within ten days. *Id*. Instead of resubmitting the form with the Regional Office, Petitioner forwarded a Request to Staff indicating his frustration with the process. (ECF No. 1-3). Petitioner subsequently filed the instant Petition seeking to have his incident report expunged, all penalties reversed, and damages. (ECF No. 1 at 7).

In response to the Petition, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 10). Petitioner filed a response in opposition. (ECF No. 13). The magistrate judge has now issued a very thorough Report recommending that the court grant Respondent's motion to dismiss based on Petitioner's failure to exhaust administrative remedies and granting Respondent's motion for summary judgment on the merits. (ECF No. 15). Petitioner has filed objections. (ECF No. 17).

5

## C.  DISCUSSION

### a.  Exhaustion of Administrative Remedies

First, the magistrate judge concluded that Petitioner failed to exhaust his administrative remedies.  (ECF No. 15 at 13–15).  The magistrate judge outlined the Bureau of Prison's Administrative Remedy Program, which, in brief, requires an inmate to first present an issue informally to staff before submitting a Request for Administrative Remedy to the Regional Director.  *Id*. at 13 (citing 28 C.F.R. §§ 542.10(a), 542.14(d)(2)).  If the inmate is unsatisfied with the Regional Director's response, he may submit an appeal to the General Counsel.  *Id*.; *see* 28 C.F.R. §§ 542.15.  If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level.  (ECF No. 15 at 13 (citing 28 C.F.R. § 542.17(c))).  The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal.  *Id*. (citing § 542.15(a)).

The magistrate judge found

> Petitioner's attempts to exhaust his administrative remedies were foreclosed because Petitioner did not follow the directions provided to him by the Regional Director and the Central Office.  Petitioner could have timely resubmitted his paperwork to the Regional Director and received a decision that could have been appealed to the Central Office.  He failed to do so, based on his notion the Regional Director would not give his appeal due consideration.  This explanation is not sufficient to show futility.  Allowing a petitioner to avoid the administrative process based on a mere conclusory assertion "'would allow the futility exception to swallow the exhaustion.'" *Wright* [*v. Warden*, C.A. No. RDB-10-671,] 2010 WL 1258181, at *1 (quoting *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev*., 907 F.2d 445, 450 (4th Cir. 1990)).

(ECF No. 15 at 15).  The magistrate judge further noted "'[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his

6

administrative appeals.'" (ECF No. 15 at 14–15 (quoting *Dickerson v. Holzapfel*, No. 5:24-00491, 2025 WL 1690156, at *3 (S.D.W. Va. May 14, 2025))).

In his objections to the Report, Petitioner largely repeats the assertions made in his response in opposition to Respondent's motion that he was not able to exhaust his administrative remedies because the Regional Office did not follow their own policies for timeliness and would reject his complaints for frivolous reasons. *Compare* (ECF Nos. 13, 17). However, in both denials from the Regional Office, Petitioner was informed his complaint was rejected because the form was not legible and the complaint was too long. He was given the opportunity to correct the deficiencies, but he failed to do so. (ECF No. 1-2 at 1, 8). The denial from the BOP's Central Office also informed Petitioner he "must properly exhaust at regional level prior to filing" with the Central Office. *Id*. at 5. As such, the court agrees with the magistrate judge that exhaustion of administrative remedies would not have been futile, Petitioner's objection is overruled, and the court finds that summary judgment is appropriate.[1]

### b. The Merits

Although summary judgment is appropriate based on Petitioner's failure to exhaust, out of abundance of caution, the court also addresses the magistrate judge's recommendation that summary judgment be granted on the merits. (ECF No. 15 at 15–21).

---

[1] The magistrate judge recommended granting Respondent's *motion to dismiss* based on failure to exhaust administrative remedies, (ECF No. 15 at 15), but Respondent's motion was a motion to dismiss, or, in the alternative, for summary judgment. (ECF No. 10). "Because Respondent presented matters outside the pleadings, which the Court is not excluding," the court treats "Respondent's Motion as one for summary judgment." *McEarchenv. Warden Joseph/FCI Bennettsville*, No. 8:24-CV-3176-JFA-WSB, 2025 WL 3111354, at *3 (D.S.C. June 26, 2025), *report and recommendation adopted*, No. 8:24-CV-3176-JFA-WSB, 2025 WL 3111203 (D.S.C. Nov. 6, 2025).

Because Petitioner's sanctions included the disallowance of good conduct credit for fourteen days and forfeiture of thirteen days of nonvested good conduct credit, the magistrate judge noted that Petitioner may invoke the due process clause of the Fourteenth Amendment. (ECF No. 15 at 15 (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974)). The magistrate judge outlined the rights afforded to inmate disciplinary proceedings under *Wolff* before addressing Petitioner's arguments and concluding Petitioner received the process he was due. (ECF No. 15 at 16–21).

As to Petitioner's argument that his disciplinary hearing was insufficient because he was charged with bribery but he was found guilty of insolence towards a staff member, the Report noted that (1) "§ 541.8(a)(1) of the Inmate Discipline Program allows the DHO to find an inmate 'committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report'", and (2) a referral for further investigation is not automatic or required under § 541.8 of the Inmate Discipline Program, (ECF No. 15 at 16–17). The magistrate judge also concluded that "a violation of a program statement or other BOP regulation does not implicate the Constitution and thus does not prove any ground for relief under § 2241 for an inmate complaining of such violations." *Id*. at 17 (citing *Hodge v. Rivers*, No. 7:20-cv-00570, 2021 WL 48638, at *3 (W.D. Va. Jan. 6, 2021) (citations omitted)).

As to any argument that Petitioner did not receive an impartial decision-maker as contemplated by *Wolff*, the magistrate judge found no evidence to support a finding of bias or personal involvement and concluded that even if the DHO did a "poor job," "the DHO issued a detailed explanation of the incident and reasons for the discipline imposed." (ECF No. 15 at 19); *see id*. at 18 ("Revocation of good time conduct comports with the minimum requirements of procedural due process if 'the findings of the prison disciplinary board are supported by some evidence in the record.'" (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S.

445, 454 (1985))); *see also*, *Chestnut v. Lue*, No. 7:19-CV-00430, 2020 WL 201056, at *4 (W.D. Va. Jan. 13, 2020) ("In order for [a] court to find the DHO less than impartial, there must be some substantial countervailing reason to conclude that he was actually biased with respect to factual issues being adjudicated." (internal citations omitted)); *Wolff*, 418 U.S. at 592 (Marshall, J., concurring) ("Due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or had any other form of personal involvement in the case.").

The magistrate judge also concluded that any failure of correctional officers to provide camera footage requested by Petitioner was harmless because "Petitioner did not dispute [the Officer's] recitation of the facts, but claimed to be joking[,]" and regardless of whether he made the comments in jest, the DHO determined his comments were "inappropriate and disrespectful." (ECF No. 15 at 20–21).

Finally, the magistrate judge concluded to the extent Petitioner argued the provision of the Officer's search history would have demonstrated her discrimination against him, such a claim is not cognizable in a habeas action, and, nevertheless, Petitioner received the process he was due under *Wolff*. (ECF No. 15 at 21).

In his objections, Petitioner largely repeats his assertion in his response in opposition to Respondent's motion that the Officer was flirting with him and other inmates and telling lies about him because of his conviction for a sex offense. *Compare* (ECF Nos. 13, 17). He again notes he requested the camera footage and an investigation into why the Officer really sent him to the SHU, but neither was done. (ECF No. 17). However, Petitioner does not address the magistrate judge's determinations that (1) the change in Petitioner's charge from bribery to insolence without further investigation did not render his hearing insufficient; (2) there was no evidence to support a finding

9

that the DHO was not impartial; (3) the failure to provide the video footage was harmless because Petitioner admitted to making the comments the DHO found to be inappropriate; and (4) claims of discrimination are not cognizant in a habeas action, and, nevertheless, he received the process he was due. The court agrees with the well-reasoned Report, overrules Petitioner's objections, and finds that summary judgment based on the merits is appropriate.

    c. **Other Objections**

In his objections, Petitioner also claims the magistrate judge is biased, and he attempts to assert a due process violation under the Privacy Act of 1974; Title 5 section 5.52 for the first time. (ECF No. 17). Having reviewed the record and filings in this case, the court concludes there is no evidence of the magistrate judge's bias, and any such objection is overruled. As to the newly alleged claim under the Privacy Act of 1974, "issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived." *Everett v. Horry Cnty. Police Dep't*, No. 4:21-CV-01764-RBH, 2023 WL 6307401, at *7 (D.S.C. Sept. 28, 2023); *see also Sisco v. Comm'r of Soc. Sec. Admin.*, No. 9:17-CV-3076-TMC, 2019 WL 396605, at *4 (D.S.C. Jan. 31, 2019)(finding same); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (declining to address an issue that was raised for the first time in objections to the magistrate judge's report and recommendation).

### D. CONCLUSION

After a careful and thorough review of the Report and the record under a *de novo* standard, as set forth above, the court **ADOPTS** as modified the Report (ECF No. 15) and incorporates it herein. Thus, Respondent's motion for summary judgment, (ECF No. 10), is **GRANTED,** and the Petition for a Writ of Habeas Corpus, (ECF No. 1), is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that these constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
November 19, 2025